# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

NEIL F. LETREN     *
    *
    *
v.     *    Civil No. – JFM-12-1982
    *
COHN, GOLDBERG & DEUTSCH, ET AL.    *
    ******

## MEMORANDUM

Defendants have filed a motion to dismiss. The motion is granted in part and denied in part.

Defendants have withdrawn their motion to dismiss the claims asserted in count one for alleged violations of the Fair Debt Collection Practices Act, except as to defendant Amanda Martin. As to the claim asserted against defendant Martin, it appears that plaintiff may well not have any viable claim against Ms. Martin because her direct communication with him may have been prompted by the fact that his lawyer, Kimberly Fahrenholz, invited the direct communication by virtue of her having sent plaintiff copies of emails that she sent to other defendants. Moreover, it may well be that Ms. Martin was attempting to protect, rather than violate, plaintiff's rights by mailing a mediation package to him. I have concluded, however, that these issues can best be addressed by way of a motion for summary judgment rather than by way of a motion to dismiss.

In its opposition memorandum plaintiff implicitly acknowledges that any claim that he has against defendants under the Maryland Consumer Protection Act, are based upon claims that he has against defendants under the Maryland Consumer Debt Collection Act, Md. Code. Plaintiff has no claim against the defendants under the Maryland Consumer Debt Collection Act

1

because defendants had obtained affidavits from their client affirming the fact that the client held the promissory note in question and that the note was in default.  Moreover, actions taken by defendants in connection with the foreclosure proceeding are barred under Maryland law by an absolute privilege.  *See Allen v. Bank of Am. Corp.*, 2011 U.S. Dist. Lexis 92383 (D. Md. 2011).  Accordingly, count two, in which claims are asserted for violations of the Maryland Consumer Debt Collection Act is asserted, and count three, in which the claim for a violation of the Maryland Consumer Protection Act is asserted, are dismissed.

In his opposition plaintiff does not contest the dismissal of the defamation claim made in count four.  Defendant's motion to dismiss that claim too is granted because any statements made by defendants during the course of the foreclosure proceedings were privileged.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: August 20, 2012          _____/s/_____
                                J. Frederick Motz
                                United States District Judge